### J. M. JONES v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 18, 1907.

Nos. 14,994—(123).

**Presumption.**

    Ownership and possession being shown of a building located upon the land of another, it will not be presumed that the building was so located without authority.

**Evidence.**

    The evidence is sufficient to sustain a finding that respondent's grantor was owner of the building in question and that he duly assigned to respondent the cause of action arising out of the destruction of the building by appellant.

Action in the district court for Itasca county to recover $500 for the destruction of a building and the removal of certain personal property. The case was tried before Spooner, J., who found in favor of plaintiff for $145. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

    *Wm. R. Begg, J. A. Murphy,* and *Heber McHugh,* for appellant.

    *Frank F. Price* and *Chester L. Pratt,* for respondent.

LEWIS, J.

Action to recover damages for tearing down and removing a log building and certain personal property contained therein, situated in the village of Deer River, Itasca county, Minnesota. The complaint alleges that respondent was owner of a chattel mortgage on the building and personal property, which was duly recorded, and that appellant, without knowledge or consent of the mortgagor, entered upon the

[1] Reported in 110 N. W. 260.

premises, and tore down the building, and carried away the same, together with its contents; that subsequently the mortgagor sold and assigned to respondent all his right, title, and interest in the premises, and in and to the action which thereby arose in his name against appellant. The answer denied that any of the parties held any right, title, or interest in the building or its contents; alleged that the building was the property of appellant, and that the same was located on its right of way through the village of Deer River, and was in possession of appellant at the time it was torn down and removed. It was stipulated at the trial that the building was bought by L. C. White, mortgagor, from one Seaman, and mortgaged to respondent; that after the building was torn down the right of action accruing to White was transferred to respondent. The trial court found as facts that the building stood on the right of way of appellant, that at the time of its removal it was the property of White, and that the right of action which accrued to him by reason of such destruction of the building was assigned to respondent, and ordered judgment for respondent for $145, value of the building and its contents.

The mortgage of White to respondent was introduced in evidence. It was admitted that appellant tore down the house. Therefore no question is made upon this appeal as to the amount of the verdict, and the only question raised by the assignments of error is: Is there evidence in the record sufficient to justify the court in finding that White owned the building at the time of its destruction? Although in its answer appellant denied that respondent, or White, owned the building, and alleged that it was itself owner thereof, yet it introduced no evidence whatever upon that subject. Appellant's claim is, it having been shown that the building stood upon its right of way, that it was necessary for respondent to prove the building was placed there under a lease or by license of appellant. In other words, appellant contends that the mere fact that the building stood upon its right of way made out a prima facie case of ownership and possession in appellant, and that such presumption was not overcome by the fact that White was in possession of the building, and executed a mortgage upon it to respondent, and thereafter assigned to him the cause of action.

We think appellant's position untenable. As the issues were framed, the title was in issue; but no evidence was offered by appellant on

that subject. The exercise of ownership and possession by White were admitted, as also the execution of the mortgage and assignment of the cause of action. There is no suggestion that appellant ever owned the building. Indeed, it does not so claim, except as ownership may be presumed from the fact that it was on the right of way. The evidence was sufficient to sustain the finding that White was the owner at the time he executed the mortgage, and also when the house was demolished. Such ownership being established, the presumption is that the building was not unlawfully placed where it was. It may have been located there under a lease, or by mistake, and under circumstances which would not constitute a trespass on the land or a surrender of title to appellant.

Judgment affirmed.